Gikeen, J.
The original action was commenced by Michael Levoy, Daniel B. DeCamp, Emma T, French and Géorge H. Taylor against The Taylor & Faulkner Manufacturing Company, the plaintiff in error, Lyman B. DeCamp and other stockholders of the company, asking judgment against the corporation for money advanced and paid to and for its use, and for an assessment of the stockholders, The petition contained an averment that “the said company is utterly insolvent and has no assets of any description whatever, real or personal, on which an execution could be levied or out •of which the said debt to the plaintiffs could be satisfied,” and the referee found that this averment was substantially true. It would seem therefore to be unnecessary and futile to require the plaintiffs to first obtain judgment, and issue an execution before proceeding against the stockholders. Younglove v. Lime Co., 49 Ohio St., 663.
*336 The plaintiffs sue as upon a joint claim in their favor, whereas the proof discloses that the partnership of DeCamp, Levoy & Co. was the real party in interest and the owner of the claim, The plaintiffs were members of the firm, but did not constitute all, for George H. Taylor, as trustee, was also a member, owning about an one-eighth interest. The defect of parties plaintiff does not appear upon the face of the petition, nor was the plaintiff in error otherwise advised until the evidence was offered. After the referee had filed his report,the firm of DeCamp, Levoy & Co. transferred for value the claim sued on to the Merchants’ National Bank of Cincinnati. The bank afterwards recovered a judgment thereon in a separate action, and was then, upon application, substituted for plaintiffs, and thereupon the action proceeded to final decree. There was error in receiving evidence against the objection of plaintiff in error of a claim in favor of the firm of DeCamp, Levoy & Co., and in substituting the bank for the plaintiffs; but as it does not appear that the plaintiff in error was prejudiced thereby, we would not be inclined to reverse the judgment on these grounds (Mason v. Alexander, 44 Ohio St., 318).
The referee found that the plaintiff in error was the owner of sixty shares of stock in the corporation; that he appeared by the stock certificate book of the company as the owner of only thirty-four and four-ninths shares; that Ellen DeCamp by last will and testament bequeathed to him the remaining twenty-five and five-ninths shares; that other stockholders who were declared insolvent were owners of stock under the will of Emma J. Taylor as well as that of Ellen DeCamp; that the stub of the stock certificate book showed that thirty-four and four-ninths shares were in the name of Emma J. Taylor, and one hundred and twenty-seven and seven-ninths in the name of Ellen DeCamp; that all the property of each estate other than the said stock had been distributed, but that no final account had been filed or settlement made in the probate court, There was no evidence that this stock had been received or accepted by the legatees. It does not appear how much property other than this stock was received by the legatees and devisees, nor whether it was sufficient to meet the stock liability assessed against them. The estate of Emma J. Taylor, as well as *337 that of Ellen DeOamp, was solvent, whereas some of the legatees were insolvent, so that the liability of the plaintiff in error was increased not only by reason of the shares bequeathed to him, but also by reason of the insolvency of other legatees.
We are unable to see upon what principle of law a party may be held liable upon worthless stock bequeathed to him, where there is no transfer on the books of the corporation and no other evidence of acceptance by him. The estates of decedents should have been first held liable; and if it should then appear that the assets other than the stock had been distributed, the question of contribution by the legatees, to the extent of assets received, would then arise. The point now under consideration was duly saved by exceptions filed with and motion for a new trial made before the referee. It is true the answer of the plaintiff in error does not contain a specific denial of ownership of the twenty-five and five-ninths shares; yet, had there been no answer filed and the stubs of the stock certificate book, being in evidence, showed only thirty-four and four-ninths shares in his name,the court would not be authorized, without further proof, to assess him on a greater number of shares; and besides, the finding that the estates of decedents were not liable increased the assessment on the stock also which appears on the stubs in his name.
It is objected also that the referee found that a balance due on a loan from the Wyoming Building Association to Fred. S. DeOamp, amounting to $800, was a debt of the corporation. The findings are as follows, to-wit:
“The loan aforesaid was obtained from the building association by the corporation deeding the property to Fred. S. DeOamp, one of its stockholders, who became a member of the building association and gave a mortgage for the property to the building association to secure the amount advanced to him as a member. The money was paid directly to the Taylor & Faulkner Company, and was a transaction made for the benefit of the company by a resolution of the board of directors, because it was thought impossible for the corporation to become a member and to comply with the by-laws of the association. This building association mortgage was foreclosed and the property sold in Septem *338 ber, 1896, for about $3,400, leaving a" deficiency in the amount of the indebtedness to the building association of about $800. ”
Herman Merrill, for Plaintiff in Error,
Walter A. DeCamp, and Herron, Catch & Herron, contra.
The evidence before us is insufficient to support such finding, and the referee himself seems to have based it, in part at least, upon a personal examination of the papers in case No. 106979 in the court of common pleas, being the case in which the mortgage was foreclosed (bill of exceptions, p. 135), none of which papers are offered in evidence. Conceding the finding of fact to be sustained by the evidence, we still doubt the conclusion of law that the corporation is personally liable for the deficiency after sale on foreclosure.
The further finding that Fred. S. DeCamp was insolvent is against the weight of the evidence, as he had an interest in unincumbered real estate, a claim against George H. Taylor et al,, and caused a one sixth interest in the Main street property to be conveyed to his wife without any valid consideration.
Reversed and remanded.